UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
ANDREA KROKSNES,

                         Plaintiff,

          -against-

P.S.1 CONTEMPORARY ART CENTER, INC.
d/b/a MOMA PS1, and THE MUSEUM OF MODERN
ART d/b/a MOMA,

                        Defendants.
-------------------------------------------------------------------x

Case No. 1:25-cv-6039

**COMPLAINT AND
JURY TRIAL DEMAND**

        Plaintiff, ANDREA KROKSNES, by her attorneys, KREINDLER & KREINDLER LLP,

as and for her Complaint against Defendants, P.S.1 CONTEMPORARY ART CENTER, INC.

d/b/a MOMA PS1 and THE MUSEUM OF MODERN ART d/b/a MOMA, alleges the following

to be true upon information and belief:

## PARTIES

        1.     Plaintiff, ANDREA KROKSNES, is a citizen and resident of the Country of

Norway.

        2.     Defendant, THE MUSEUM OF MODERN ART ("MOMA"), is a charitable not-

for-profit corporation organized under the laws of the State of New York and recognized as a

tax-exempt charitable organization under section 501(c)(3) of the Internal Revenue Code.

MOMA operates a public art museum located at 11 West 53rd Street in Manhattan, where it

maintains, exhibits, and preserves works of modern and contemporary art.

        3.     Defendant, P.S.1 CONTEMPORARY ART CENTER, INC. d/b/a MOMA PS1

("MOMA PS1"), is a New York not-for-profit corporation and 501(c)(3) charitable organization.

Defendant's principal place of business is located at 22-25 Jackson Avenue in Queens, New

York, where it presents contemporary art exhibitions and educational activities to the public.

4.      MOMA and MOMA PS1, operate jointly pursuant to a formal affiliation agreement entered into in or around 2000. Following the affiliation, MOMA PS1 adopted the MOMA name and publicly represents itself, and is represented by MOMA, as an affiliate institution within the MOMA organization.

5.      Upon information and belief, MOMA participates in and influences MOMA PS1's governance, branding, programming, fundraising, and operational policies, including standards related to the installation, exhibition, inspection, and maintenance of artwork and fixtures presented to the public at MOMA PS1.

6.      Upon information and belief, MOMA possesses and exercises, or retains the right to exercise, ownership, supervisory, managerial, operational, and/or safety oversight authority with respect to the premises occupied by MOMA PS1, including the condition, maintenance, inspection, installation, and upkeep of structures, fixtures, and exhibition components therein.

7.      MOMA PS1 owns, operates, manages, maintains, and controls the premises located at 22-25 Jackson Avenue, Queens, New York, including all public spaces, building structures, fixtures, art exhibition installations, and components affixed to the interior walls of the premises.

## JURISDICTION AND VENUE

8.      The subject matter jurisdiction of this Court is based on diversity jurisdiction pursuant to 28 U.S.C. §1332(a)(2), insofar as the amount in controversy exceeds $75,000 and the action is between citizens of a State and citizens of a foreign state.

9.      This Court has personal jurisdiction over Defendants under 28 U.S.C. §2334(a) because the Defendant MOMA PS1 maintains its headquarters and principal place of business

within the Eastern District of New York at 22-25 Jackson Avenue, Queens, New York.

10.    Venue is proper here pursuant to 28 U.S.C. §1391(b) because MOMA PS1 resides in the Eastern District of New York, all defendants are residents of the State of New York, and the events and omissions giving rise to this claim occurred within this judicial district.

## FACTUAL ALLEGATIONS

11.    On October 29, 2022, Plaintiff, ANDREA KROKSNES, visited the premises of Defendant, MOMA PS1, to attend the Jumana Manna: Middle Ghost exhibition.

12.    While sitting on a sofa in a screening room within the museum, Plaintiff was caused to become injured when a large, heavy wall-mounted panel became dislodged and fell forward from where it had been affixed to the wall behind her.

13.    The panel had been installed as part of the exhibition and was located directly behind seating provided for visitor use, in an area where Defendants knew, or should have known, that visitors would rest, lean, or make contact with surrounding walls or fixtures.

14.    Upon information and belief, the panel was not properly secured, anchored, affixed, or supported to ensure that it would remain safely in place under normal and reasonably foreseeable conditions of visitor use.

15.    The risk that a large and heavy wall-mounted panel could become dislodged and fall into an area occupied by visitors presented a dangerous and foreseeable risk. Despite this, Defendants failed to properly secure or monitor the panel and failed to warn visitors of the risk or restrict access to the space.

16.    As a direct and proximate result of the panel's detachment and impact, Plaintiff sustained an acute concussion and subsequently developed chronic post-concussion syndrome, resulting in ongoing physical, cognitive, and emotional damages.

## AS AND FOR A FIRST CAUSE OF ACTION AS AGAINST DEFENDANT P.S. 1 CONTEMPORARY ART CENTER, INC. d/b/a MOMA PS1 FOR NEGLIGENCE

17.     Plaintiff repeats and realleges the foregoing allegations as if fully set forth herein.

18.     At all relevant times, Defendant, MOMA PS1, owned, operated, managed, maintained, and controlled the premises located at 22-25 Jackson Avenue, Queens, New York, including the exhibition and screening space where the aforesaid incident occurred.

19.     As the operator of a public museum open to visitors, MOMA PS1 had a duty to maintain the premises in a reasonably safe condition, to inspect the premises for dangerous or defective conditions, to correct such conditions within a reasonable time, and to warn visitors of any such conditions that were known or reasonably should have been known through the exercise of ordinary care.

20.     The wall-mounted panel that detached and struck Plaintiff constituted a dangerous and defective condition that MOMA PS1 either created, permitted to exist, failed to discover through reasonable inspection, or failed to correct within a reasonable time.

21.     MOMA PS1 knew, or in the exercise of reasonable care should have known, that the subject panel was inadequately secured and posed a foreseeable risk of dislodgement and falling into an area intended for visitor use.

22.     MOMA PS1 knew, or in the exercise of reasonable care should have known, that dislodgement of the large and heavy subject panel would pose a significant risk of injury to visitors.

23.     Despite these risks, MOMA PS1 failed to adequately secure, anchor, inspect, monitor, repair, or reinforce the panel to the wall.

24.     MOMA PS1 additionally failed to warn visitors of the risk, restrict access to the

area, or otherwise mitigate the dangerous and defective condition.

25.    As a direct and proximate result of MOMA PS1's negligence, carelessness and reclessness, Plaintiff, ANDREA KROKSNES was injured.

26.    As a direct and proximate result of MOMA PS1's negligence, carelessness and reclessness, Plaintiff, ANDREA KROKSNES, was seriously injured.

27.    As a direct and proximate result of MOMA PS1's negligence, carelessness and reclessness, Plaintiff, ANDREA KROKSNES, was permanently injured.

28.    As a direct and proximate result of MOMA PS1's negligence, carelessness and reclessness, Plaintiff, ANDREA KROKSNES, was caused to experience extreme pain and suffering and will continue to experience pain and suffering in the future.

29.    As a direct and proximate result of MOMA PS1's negligence, carelessness and reclessness, Plaintiff, ANDREA KROKSNES, suffered serious mental anguish and in the future will continue to suffer from same.

30.    As a direct and proximate result of MOMA PS1's negligence, carelessness and reclessness, Plaintiff, ANDREA KROKSNES, suffered economic loss and in the future shall continue to suffer economic loss.

31.    As a direct and proximate result of MOMA PS1's negligence, carelessness and reclessness, Plaintiff, ANDREA KROKSNES, was forced to expend sums of money on medical care and treatment and in the future shall incur additional similar expenses.

32.    As a direct and proximate result of MOMA PS1's negligence, carelessness and reclessness, Plaintiff, ANDREA KROKSNES, was deprived of her enjoyment of life, pursuits and interests and in the future will continue to be deprived of same.

33.    As a direct and proximate result of MOMA PS1's negligence, carelessness and

recklessness, Plaintiff, ANDREA KROKSNES, has been damaged in a sum that exceeds the

jurisdictional limits of all lower Courts which might otherwise have jurisdiction over this action.

### AS AND FOR A FIRST CAUSE OF ACTION AS AGAINST DEFENDANT THE MUSEUM OF MODERN ART d/b/a MOMA FOR NEGLIGENT SUPERVISION, CONTROL AND OVERSIGHT

34.     Plaintiff repeats and realleges the foregoing allegations as if fully set forth herein.

35.     At all relevant times, Defendant, MOMA, had the authority to direct, supervise,

approve, or influence MOMA PS1's operational decisions, including the installation, inspection,

and maintenance of fixtures and exhibition materials at MOMA PS1.

36.     MOMA had a duty to exercise reasonable care in supervising and overseeing

MOMA PS1's operations to ensure that exhibitions, installations, and fixtures were safe for

visitors.

37.     MOMA breached this duty by failing to establish, implement, enforce, or

supervise adequate safety protocols regarding the secure installation, inspection, and monitoring

of heavy wall-mounted exhibition components, including the panel that fell and struck Plaintiff.

38.     As a direct and proximate result of MOMA's negligent supervision and oversight,

the dangerous and defective condition was permitted to exist at MOMA PS1.

39.     As a direct and proximate result of MOMA's negligent supervision and oversight,

Plaintiff, ANDREA KROKSNES, was injured.

40.     As a direct and proximate result of MOMA's negligent supervision and oversight,

Plaintiff, ANDREA KROKSNES, was seriously injured.

41.     As a direct and proximate result of MOMA's negligent supervision and oversight,

Plaintiff, ANDREA KROKSNES, was permanently injured.

42.     As a direct and proximate result of MOMA's negligent supervision and oversight,

Plaintiff, ANDREA KROKSNES, was caused to experience extreme pain and suffering and will continue to experience pain and suffering in the future.

43.    As a direct and proximate result of MOMA's negligent supervision and oversight, Plaintiff, ANDREA KROKSNES, suffered serious mental anguish and in the future will continue to suffer from same.

44.    As a direct and proximate result of MOMA's negligent supervision and oversight, Plaintiff, ANDREA KROKSNES, suffered economic loss and in the future shall continue to suffer economic loss.

45.    As a direct and proximate result of MOMA's negligent supervision and oversight, Plaintiff, ANDREA KROKSNES, was forced to expend sums of money on medical care and treatment and in the future shall incur additional similar expenses.

46.    As a direct and proximate result of MOMA's negligent supervision and oversight, Plaintiff, ANDREA KROKSNES, was deprived of her enjoyment of life, pursuits and interests and in the future will continue to be deprived of same.

47.    As a direct and proximate result of MOMA's negligent supervision and oversight, ANDREA KROKSNES, has been damaged in a sum that exceeds the jurisdictional limits of all lower Courts which might otherwise have jurisdiction over this action.

WHEREFORE, Plaintiff, ANDREA KROKSNES, hereby demands judgment against Defendants, P.S.1 CONTEMPORARY ART CENTER, INC. d/b/a MOMA PS1 and THE MUSEUM OF MODERN ART d/b/a MOMA, in a sum to be determined at trial, together with costs, interest, attorney's fees and any such further relief that the Court deems just and proper.

Dated: October 28, 2025
      New York, New York

                                        Respectfully submitted,
                                        **KREINDLER & KREINDLER LLP**

By: _Taylor Sandella_____
                    Taylor Sandella
                    Erin R. Applebaum
                    *Attorneys for Plaintiff*
                    485 Lexington Avenue, Floor 28
                    New York, NY 10017
                    Tel. (212) 973-3476
                    TSandella@kreindler.com
                    Eapplebaum@kreindler.com